UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PATWIN HORN,[1]<br><br>　　　　　Respondent. | No. 1:23-cv-00095-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND DECLINE TO ISSUE CERTIFICATE OF APPEALABILITY**[2]<br><br>(Doc. 6)<br><br>**OBJECTIONS DUE WITHIN 14 DAYS**<br><br><u>Clerk of the Court to Assign District Judge</u> |

　　　　Petitioner Adam Jay Stone ("Petitioner"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. 1). After being ordered by the Court to file a response to the Petition, Respondent moved to dismiss the Petition as failing to state a cognizable claim under § 2254. (Doc. 6). Petitioner filed an opposition (Doc. 13), and Respondent filed a reply (Doc. 14). For

---

[1] Respondent indicates that "Patwin Horn is the current acting warden at Kern Valley State Prison, where Petitioner is housed" and the listed Respondent, C. Pfieffer, is a former warden. (Doc. No. 6 at 1 n.1). Accordingly, the Court will direct the Clerk of Court to substitute Patwin Horn as the Respondent in this matter. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (stating proper respondent in federal habeas petition is petitioner's immediate custodian).

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17) (E.D. Cal. 2025).

1

the reasons set forth below, the undersigned recommends that the district court grant Respondent's motion, dismiss the Petition, and decline to issue a certificate of appealability.

## I.   BACKGROUND

On April 25, 2018, a jury in the Orange County Superior Court convicted Petitioner of first-degree murder with enhancements. (*See* Doc. 6 at 7).[3] The court sentenced Petitioner to an indeterminate term of 50 years to life in prison. (*Id.* at 7-8). On May 25, 2021, in the Kern County Superior Court, Petitioner pled guilty to resisting an executive officer and was ultimately sentenced to 32 months imprisonment, "to be served consecutive to any other sentence imposed." (*Id*. at 10).

On January 23, 2023, Petitioner filed the instant Petition. (Doc. 1). Petitioner indicates he is challenging prison disciplinary proceedings that resulted in 120 days being added to his sentence based on his being found guilty of having inmate manufactured alcohol. (*Id.* at 1). Petitioner raises four separate grounds, all alleging he was denied due process in the disciplinary proceedings because (1) evidence was not disclosed; (2) the decision maker was not impartial; (3) there was insufficient evidence to support the guilty finding; and (4) Petitioner did not receive a written statement of the disposition, findings, and evidence within five days after the disciplinary officer's review. (*Id.* at 4-5). The Petition and the attached exhibits total 67 pages, all of which focus on the disciplinary proceedings. (*See generally id.*). As relief, Petitioner asks that the Court reverse the guilty finding of the disciplinary charge, restore 120 days of conduct credits that were forfeited, and expunge all references to the disciplinary charge from his file. (*Id.* at 9).

Respondent moved to dismiss the Petition on July 22, 2025. (Doc. 6). Respondent argues that because "Stone is indeterminately sentenced, … any relief he could receive will not change the quantum of custody" such that he has not asserted a cognizable federal habeas claim. (*Id.* at 3). Relying on *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016), Respondent argues that "Stone's various Due Process challenges to the prison disciplinary action do not lie at the core of habeas corpus because he cannot show that the expungement of the disciplinary action will 'necessarily'

---

[3] Record citations herein are to the CM/ECF-assigned pages.

1  result in a grant of parole and shorten his incarceration." (*Id.* at 4-5).

2  Petitioner filed his opposition on September 22, 2025. (Doc. 13). Confusingly, Petitioner
3  asserts that the prison disciplinary proceedings occurred "over four years ago and ha[ve] nothing
4  to do with this case what-so-ever" and are not mentioned in the Petition. (*Id.* at 1). Petitioner
5  argues he requested this habeas case be converted to a 42 U.S.C. § 1983 case and Respondent has
6  failed to state why conversion is not appropriate. (*Id.* at 1-2).

7  In a reply filed September 24, 2025, Respondent asserts that "Petitioner appears to
8  confuse his petitions and/or issues in two different cases" but ultimately has failed to present any
9  argument as to why the motion to dismiss should not be granted. (Doc. 14).

10  **II.    LAW AND ANALYSIS**

11  Federal law allows two main avenues for relief on complaints related to imprisonment: a
12  petition for habeas corpus, and a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540
13  U.S. 749, 750 (2004) (per curiam). Habeas corpus is the appropriate remedy for challenges to the
14  validity of the fact or length of confinement or matters affecting the duration of confinement.
15  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a favorable challenge would not "necessarily
16  lead to [a petitioner's] immediate or earlier release from confinement," the claim does not fall
17  within "the core of habeas corpus." *Nettles*, 830 F.3d at 935. In contrast, requests for relief
18  turning on circumstances of confinement may be presented in a § 1983 action. *Muhammad*, 540
19  U.S. at 750, *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is
20  absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not
21  necessarily shorten the prisoner's sentence.")

22  Here, Petitioner challenges only disciplinary hearings that resulted in the loss of 120 days
23  of credit. (*See* Doc. 1 at 35). However, as Respondent argues, because Petitioner is serving an
24  indeterminate sentence of 50 years to life in prison, a favorable outcome in these proceedings
25  would not result in immediate or even earlier release. Thus, his claim is not cognizable in these
26  federal habeas proceedings. *See Nettles*, 830 F.3d at 935 (finding claim challenging prison
27  disciplinary proceedings was not properly brought in § 2254 action because success on the claim
28  would not entitle petitioner, who was serving a life sentence, to immediate or earlier release).

The undersigned next considers whether to construe the Petition as bringing claims under § 1983. There are distinct differences between habeas corpus petitions and prisoner civil rights actions, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings. *Id.* at 936 (citing *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) & *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 860 F.3d at 936 (quoting *Glaus*, 408 F.3d at 388).

As an initial matter, despite Petitioner's assertions to the contrary, Petitioner never filed a request to convert his claims in this particular case. (*See generally* docket). Regardless of whether Petitioner has requested conversion, the undersigned concludes that dismissal as opposed to conversion is the proper course of action in this instance. Petitioner names the warden of his facility of incarceration as the respondent in this matter, as opposed to any of the individuals directly involved in the disciplinary proceedings. (*See* Doc. 1 at 1). Thus, it is likely in any § 1983 action, Petitioner would need to revise his allegations and/or name different or additional parties. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Further, Petitioner's representations that the disciplinary proceedings are not relevant and not mentioned in the Petition—despite the fact that the Petition *only* challenges the disciplinary proceedings—makes it entirely unclear what Petitioner seeks to base any § 1983 claim on. Thus, dismissal as opposed to conversion is appropriate.

### III.     CERTIFICATE OF APPEALABILITY

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application." *Miller-El v. Cockell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing § 2254 Cases requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). To make this showing for claims rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate of appealability. *Id.*

Here, reasonable jurists would not find the determination that the Petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the undersigned recommends that the court decline to issue a certificate of appealability.

### IV. RECOMMENDATION AND ORDER

For the reasons set forth above, it is **ORDERED:**

1. The Clerk of the Court is DIRECTED to substitute Patwin Horn for C. Pfieffer in the case caption of the docket.
2. The Clerk of the Court is DIRECTED to randomly assign a district judge.

Further, it is **RECOMMENDED:**

1. Respondent's motion to dismiss (Doc. 6) be GRANTED.
2. The petition for writ of habeas corpus (Doc. 1) be DISMISSED.
3. Petitioner be denied a certificate of appealability.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **14 days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

1  reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be
2  disregarded by the District Judge when reviewing these Findings and Recommendations under 28
3  U.S.C. § 636(b)(l)(C).  The parties are advised that failure to file objections within the specified
4  time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d
5  834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
6  IT IS SO ORDERED.

Dated:  **September 30, 2025**

UNITED STATES MAGISTRATE JUDGE