UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>        Petitioner,<br><br>    v.<br><br>PATWIN HORN,<br><br>        Respondent. | No.  1:23-cv-00095-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 6, 16 |

Petitioner Adam Jay Stone is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 30, 2025, the assigned magistrate judge issued findings and recommendations to grant respondent's motion to dismiss.  Doc. 16.  Those findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  *Id.* at 5.  In addition, petitioner was "advised that failure to file objections within the specified time may waive the right to appeal." *Id.* at 6 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  Petitioner did not file objections and the time to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

1

novo review of the case.  Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

The Court must also determine whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If a court denies a habeas petition on procedural grounds, the court may issue a certificate of appealability only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In the present case, the Court concludes that reasonable jurists would not find the Court's determination that the petition fails to assert cognizable claims debatable or wrong, nor that the issues presented are adequate to deserve encouragement to proceed further.  Therefore, the Court declines to issue a certificate of appealability.

///

///

///

///

///

///

///

///

///

///

2

Accordingly,

1. The Findings and Recommendations issued on September 30, 2025, Doc. 16, are adopted in full.

2. Respondent's motion to dismiss the petition, Doc. 6, is granted;

3. The petition for writ of habeas corpus, Doc. 1, is dismissed without prejudice;

4. The Clerk of the Court is directed to close the case;

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    February 11, 2026

UNITED STATES DISTRICT JUDGE

3